IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Criminal No. 7:12-cr-00088-BO-2
Civil No. 7:17-cv-00188-BO

|  |  |  |
|---|---|---|
| HUMBERTO ROJAS-DIAZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This cause is before the court to address petitioner's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 [D.E. 407], petitioner's corrected section 2255 motion [D.E. 415], and respondent's corresponding motion to dismiss [D.E. 422].

## BACKGROUND:

On February 19, 2014, after a jury trial in this court, petitioner was found guilty of conspiracy to distribute and possess with the intent to distribute five kilograms or more of cocaine and 1000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846 and 841 (Count One); conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) (Count Four); money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) (Count Five); and attempted possession of marijuana and aiding and abetting, in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2 (Count Six). See 2d Superceding Indictment [D.E. 109]; Jury Verdict [D.E. 290].

On May 30, 2014, the court sentenced petitioner to, among other things, a 360-month term of imprisonment on Counts One and Six, and a 240-month term imprisonment on Counts Four and Five, to run concurrently. See J. [D.E. 346]. Petitioner appealed. [D.E. 348].

On April 5, 2016, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") issued an unpublished opinion affirming in part but vacating petitioner's conviction for conspiracy to commit money laundering (Count Four). [D.E. 391]. On May 2, 2016, the court amended its judgment to note an acquittal on Count Four. Am. J. [D.E. 394]. On October 3, 2016, the United States Supreme Court denied Petitioner's petition for a writ of certiorari. [D.E. 395].

On November 23, 2016, the court issued an order granting petitioner's motion for a reduction of sentence under 18 U.S.C. § 3582(c)(2), thereby reducing petitioner's sentence on Counts One and Six to a 292-month term of imprisonment. Order [D.E. 398].

In October 2017, petitioner filed both a pro se motion to vacate under 28 U.S.C. § 2255 [D.E. 407] and a corrected section 2255 motion [D.E. 415]. Petitioner generally alleges ineffective assistance of counsel and raises the following specific claims: (1) counsel failed to share discovery with petitioner; (2) counsel failed to file speedy trial motions despite requests; (3) counsel allowed petitioner to appear in jailhouse clothes at jury selection; (4) after the trial, counsel became aware that a juror expressed bias against Mexican individuals but failed to take action; (5) counsel failed to allow petitioner to testify; (6) counsel failed to impeach two witnesses at trial; (7) counsel generally was unprepared for trial; (8) counsel failed to use an interpreter as often as petitioner would have liked; (9) appellate counsel did not raise certain claims on appeal; and (10) the court erred in failing to address petitioner's ineffective assistance claims that he raised during the proceedings. See Pet'r's Mem. Supp. Mot. [D.E. 415-1] at 1; see also Pet'r's Aff. Supp. Mot. [D.E. 415-2] at 3–6.

Respondent argues that, pursuant to Federal Rule of Civil Procedure 12(b)(6), the court should dismiss all of petitioner's claims of ineffective assistance of counsel except the fourth claim of juror bias which warrants an evidentiary hearing. See Resp't's Mem. Supp. [D.E. 423] at 3, 6.

In his reply, petitioner reiterates that his trial and appellate attorneys provided ineffective assistance of counsel and requests an evidentiary hearing on all claims. See Pet. Reply [D.E. 433].

DISCUSSION:

A motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted" tests the legal sufficiency of the pleading and should be granted unless the pleading states a facially plausible claim for relief. See Fed. R. Civ. P. 12(b)(6); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); In re Birmingham, 846 F.3d 88, 92 (4th Cir.), as amended (Jan. 20, 2017), cert. denied sub nom. Birmingham v. PNC Bank, N.A., 138 S. Ct. 468 (2017); see also Rule 12, Rules Governing Section 2255 Proceedings (applying the Federal Rules of Civil Procedure to section 2255 proceedings). When considering a Rule 12(b)(6) motion, the court assumes the truth of all facts alleged in the complaint, but need not accept legal conclusions drawn from the facts. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). A court also "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quotation omitted).

To prevail on a claim of ineffective assistance of trial counsel, a habeas petitioner must establish two things. First, he must show that the counsel's performance was deficient in that it was objectively unreasonable under prevailing professional norms. Strickland v. Washington, 466 U.S. 668, 687–91 (1984). In reviewing this element, a court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." Id. at 689. Thus, courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. Second, a petitioner must also establish that counsel's deficient performance prejudiced him by showing that there is a "reasonable probability" that, but

3

for the deficiency, "the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.

As an initial matter, the court agrees with respondent that petitioner's fourth claim regarding trial counsel's purported failure to disclose discovered juror bias warrants an evidentiary hearing. See, e.g., Bennett v. Stirling, 170 F. Supp. 3d 851, 867–68 (D.S.C.) ("The usual remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias." (internal quotation marks and citation omitted)), aff'd, 842 F.3d 319 (4th Cir. 2016). The court, however, will dismiss petitioner's remaining claims.

Regarding the alleged ineffective assistance of his trial counsel, petitioner's first, third, fifth, sixth, seventh, and eighth claims all fail because, even assuming trial counsels' actions in these instances were objectively unreasonable, petitioner nevertheless fails to demonstrate any "reasonable probability" that these actions affected the outcome of the proceedings. See Strickland, 466 U.S. at 697 (noting courts may proceed directly to the prejudice prong when it is easier to dispose of the case on those grounds). Accordingly, the court dismisses these claims.

As to petitioner's ninth claim, "[t]o show prejudice in the context of appellate representation, a petitioner must establish a 'reasonable probability . . . he would have prevailed on his appeal' but for his counsel's unreasonable failure to raise an issue." United States v. Rangel, 781 F.3d 736, 745 (4th Cir. 2015) (quoting Smith v. Robbins, 528 U.S. 259, 285–86 (2000)).

Here, appellate counsel won a partial victory at the Fourth Circuit and secured petitioner an acquittal on Count Four. See [D.E. 391, 394]. Succinctly stated, petitioner's claim that appellate counsel was constitutionally ineffective is belied by this success. Cf. Rangel, 781 F.3d at 745. Moreover, petitioner fails to demonstrate that other arguments not raised would have been (more)

4

successful. See United States v. Mason, 774 F.3d 824, 828-29 (4th Cir. 2014) (noting "only when ignored issues are clearly stronger than those presented should we find ineffective assistance for failure to pursue claims on appeal."). Accordingly, this claim also is dismissed.

As to petitioner's second claim, the court finds no violation of the Speedy Trial Act or petitioner's Sixth Amendment right to a speedy trial. See United States v. Woolfolk, 399 F.3d 590, 594 (4th Cir. 2005) (discussing both Speedy Trial Act and the Sixth Amendment right to a speedy trial); see also Barker v. Wingo, 407 U.S. 514 (1972) (outlining the four-part balancing test to determine whether a defendant's Sixth Amendment right to a speedy trial has been violated). The Barker inquiry asks: "[1] whether delay before trial was uncommonly long, [2] whether the government or the criminal defendant is more to blame for that delay, [3] whether, in due course, the defendant asserted his right to a speedy trial, and [4] whether he suffered prejudice as the delay's result." Woolfolk, 399 F.3d at 597 (quoting Doggett v. United States, 505 U.S. 647, 651 (1992)).

Here, the docket reflects motions to continue the case at the request of both petitioner, see [D.E. 37, 70] and the Government, see [D.E. 56, 61, 64]. The court excluded speedy trial computations in the orders granting these continuances. See [D.E. 38, 57, 62, 65, 72]. The court denied the Government's March 12, 2013, motion to continue arraignment. See Text Order (March 13, 2013). However, at a hearing on March 21, 2013, after noting no objections, the court granted the Government's renewed oral motion to continue arraignment and excluded speedy trial computation. See [D.E. 85]; Text Order (March 21, 2013). The docket reflects a superseding indictment dated March 21, 2013, and a second superseding indictment dated April 8, 2013. See [D.E. 86, 109]. The court subsequently denied the Government's July 10, 2013, motion to continue arraignment. See Text Order (July 17, 2013). However, at a hearing on July 22, 2013, the court

5

granted the Government's renewed oral motion to continue arraignment over the defense counsel's objection and again excluded speedy trial computation. See [D.E. 203]; Text Order (July 22, 2013). On November 26, 2013, the court sua sponte ordered the delay of trial until January 2014 after finding that the "ends of justice served by the granting of this continuance outweigh the interest of the public and the defendant in a speedy trial." See Text Order (Nov. 26, 2013). This text order further noted, "the period of time necessitated by this extension is excluded from the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A)." Id. On January 27, 2014, due to unsafe weather conditions, the court granted the parties' joint oral motion to continue jury selection and trial. See [D.E. 265]. Petitioner's re-scheduled trial commenced on February 10, 2014. See [D.E. 279, 280].

Petitioner's claim that trial counsel was constitutionally ineffective because he failed to raise speedy trial issues is belied by his counsel's unsuccessful oral objection to the Government's July 22, 2013, renewed oral motion to continue arraignment. Further, as noted above, the court found proper reasons to continue the case at various junctures and plainly excluded speedy trial computation. Thus, petitioner fails to demonstrate that a speedy trial motion would have succeeded or that he was prejudice as a result of the delay. Accordingly, the court dismisses this claim.

The court turns to petitioner's tenth claim–that the court erred in failing to address petitioner's ineffective assistance claims purportedly asserted during the proceedings. Here, because the issue in this claim is the court's purported inaction, not the alleged ineffective assistance, petitioner's failure to raise this claim on direct appeal caused led to procedural default. See Massaro v. United States, 538 U.S. 500, 504 (2003) (excluding claims of ineffective assistance of counsel from the "general rule that claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice" (citations omitted)); see also Bousley v. United

States, 523 U.S. 614, 621 (1998) ("Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." (internal quotations and citations omitted)); Murray v. Carrier, 477 U.S. 478, 485 (1986). Procedurally defaulted claims, nevertheless, may receive federal habeas review if a petitioner demonstrates either "cause and actual prejudice" or that he is "actually innocent" of the charges against him. Bousley 523 U.S. at 622 (internal citations and quotation marks omitted). The cause-and-prejudice standard requires petitioner to demonstrate both the existence of cause for a procedural default that turns on something external to the defense and actual prejudice resulting from the errors of which he complains. See United States v. Pettiford, 612 F.3d 270, 280 (4th Cir. 2010) (citing United States v. Mikalajunas, 186 F.3d 490, 492-93 (4th Cir. 1999)). The "actual innocence" exception requires petitioner to show that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Bousley, 523 U.S. at 623.

Succinctly stated, petitioner does not assert actual innocence and his petition fails to show "cause and actual prejudice." Cf. id. at 622. Thus, because petitioner has not established cause for his default, this claim likewise is dismissed.

Finally, the court addresses the appointment of counsel for the purposes of the forthcoming evidentiary hearing. Petitioner previously was found to be indigent by an order of the court entered June 5, 2012. Rule 8(c) of the Rules Governing § 2255 Proceedings requires that the court appoint counsel to represent petitioner at an evidentiary hearing. See also, United States v. Harris, 217 F.3d 841 (4th Cir. 2000) (unpublished table decision). Accordingly, petitioner is hereby APPOINTED attorney Raymond Tarlton to represent him at the evidentiary hearing. 18 U.S.C. §3006A. Pursuant to Rule 8(c) of the Rules Governing section 2255 Proceedings the court will conduct the hearing as soon as is practicable after giving the attorneys adequate time to investigate and prepare. The court

7

will consider petitioner's remaining claim and the remainder of the government's motion to dismiss after it has conducted the evidentiary hearing.

CONCLUSION:

For the reasons discussed above, the court GRANTS IN PART respondent's motion to dismiss [D.E. 422] and DISMISSES IN PART petitioner's section 2255 motion [D.E. 407, 415]. The court will hold an evidentiary hearing on the remaining claim–that trial counsel became aware that a juror expressed bias against Mexican individuals but failed to take action. The evidentiary hearing is hereby set for this Court's Jan. 30, 2019 term. The clerk is DIRECTED to serve a copy of this order on petitioner, the government, and Raymond Tarlton.

SO ORDERED. This 15 day of January 2019.

Terrence Boyle
TERRENCE W. BOYLE
Chief United States District Judge