IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:12-CR-88-BO-2
No. 7:17-CV-188-BO

HUMBERTO ROJAS-DIAZ, )
    Petitioner, )
     )
v. ) O R D E R
     )
UNITED STATES OF AMERICA, )
    Respondent. )

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 407] and petitioner's corrected motion to vacate [DE 415]. A hearing was held before the undersigned on February 8, 2019 at Raleigh, North Carolina. For the reasons that follow, plaintiff's remaining claim is DENIED.

## BACKGROUND

In May 2014, following a jury trial, petitioner was sentenced to 360 months' imprisonment for conspiracy to commit money laundering and money laundering in violation of 18 U.S.C. § 1956. [DE 346]. Petitioner appealed, and in April 2016, the Fourth Circuit affirmed in part but vacated petitioner's conviction for conspiracy to commit money laundering. [DE 391]. The Court amended its judgment to note the acquittal. [DE 394]. In November 2016, petitioner's sentence was reduced to 292 months' imprisonment.

In October 2017, petitioner filed a *pro se* motion to vacate under 28 U.S.C. § 2255. [DE 407]. He filed a corrected motion soon after. [DE 415]. The government moved to dismiss nine of petitioner's ten claims under Federal Rule of Civil Procedure 12(b)(6), but conceded that an evidentiary hearing should be held on petitioner's claim of juror bias. [DE 423]. In January 2019,

the Court dismissed each of petitioner's claims except his claim of juror bias. [DE 449]. An evidentiary hearing on that claim was held on February 8, 2019. [DE 457].

## DISCUSSION

The only claim still before the Court is whether petitioner's trial counsel was constitutionally ineffective in allegedly failing to disclose discovered juror bias following the trial. To prevail on a claim for ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984), petitioner must show "that counsel's performance fell below an objective standard of reasonableness." *Sharpe v. Bell*, 593 F.3d 372, 382 (4th Cir. 2010) (internal quotation marks omitted). A court's "scrutiny of counsel's performance must be highly deferential." *Id.* In fact, there is a "'strong presumption' that a trial counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *United States v. Roane*, 378 F.3d 382, 404 (4th Cir. 2002) (quoting *Strickland*, 466 U.S. at 689). Petitioner must further show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Petitioner's claims can only succeed if he establishes both that his counsel's performance fell below an objective standard of reasonableness *and* that, but for counsel's errors, the result would have been different.

Due to the nature of petitioner's claim, the Court held an evidentiary hearing. *See Bennett v. Stirling*, 170 F. Supp. 3d 851, 867–68 (D.S.C. 2016) ("The usual remedy for allegations of juror partiality is a hearing in which the defendant has the opportunity to prove actual bias."), *aff'd*, 842 F.3d 319 (4th Cir. 2016). Petitioner, with the assistance of an interpreter, testified at the hearing. Petitioner testified that his trial counsel told him, on the day of his conviction, that one of the jurors had informed counsel that he had only convicted him "because [he] was Mexican and that all that we came to this country for was to sell drugs." Petitioner further testified that his trial counsel did

not inform the Court of the juror's statement and did not otherwise address it. Petitioner's trial counsel, Mr. Steven E. Hight, also testified at the hearing. Mr. Hight testified that in the thirty minutes following the trial he spoke with a juror and the juror said to him that "there were too many drug dealers and they were making too much money and paying lawyers too much money to get 'em out." Mr. Hight testified that the juror did not mention petitioner's race or nationality. He testified that, between thirty minutes and an hour after the trial, he informed petitioner of what the juror had told him.

Having considered the conflicting testimony in this matter, the Court credits the testimony of Mr. Hight and finds that the juror's statement made no mention of petitioner's race or nationality. The Court finds that the juror's statement was, at most, ambiguous. Under *Bennett*, petitioner has failed to prove actual bias. The juror statement does not clearly demonstrate bias and, therefore, petitioner's counsel was not deficient in failing to bring the statement to the Court's attention. *See United States v. Powell*, 850 F.3d 145, 150 (4th Cir. 2017). Petitioner cannot demonstrate that his counsel's performance fell below an objective standard of reasonableness and, accordingly, there is no need to consider whether the result would have been different had counsel acted differently. Thus, petitioner's only remaining claim, and his two motions to vacate, must be denied.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000); *Rose v.*

*Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the above reasons, petitioner's motion to vacate [DE 407] and corrected motion to vacate [DE 415] are DENIED. A certificate of appealability is DENIED.

SO ORDERED, this 14 day of February, 2019.

TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE